UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.                                                          Case No.8:10-CR-545-T-30TGW

**APOLINAR DE LA CRUZ YESQUEN**
_____/

O R D E R

Before the Court is Defendant's Motion to Dismiss the Conviction on Various Constitutional Grounds (D-147), and Motion to Proceed In Forma Pauperis (D-148).

Defendant pled guilty to conspiracy to possess with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). On May 24, 2011, the Court sentenced Defendant to a term of imprisonment of 97 months. Defendant did not appeal.

Defendant moves to dismiss his conviction and sentence based on various constitutional grounds. In support of his motion, Defendant has submitted a memorandum consisting mostly of verbatim arguments from the appellant brief submitted in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012).

Defendant fails to provide any jurisdictional basis for his motion. Rule 12(b)(3) provides that "at *any time while the case is pending*, the court may hear a claim that the indictment or

information fails to invoke the court's jurisdiction or to state an offense. Fed.R.Crim.P. 12(b)(3) (emphasis added). A case is no longer pending once the period to appeal the conviction or sentence has passed. United States v. Clarke, 150 Fed. Appx. 969, 970 (11th Cir. 2005) (per curiam). As previously indicated, the Court sentenced Defendant on May 24, 2011, and Defendant did not appeal the sentence. Defendant filed his motion on March 25, 2013, nearly two years after the close of the pendency of the case. As such, the Court lacks jurisdiction to consider the motion under Rule 12(b)(3).

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. In this case, a review of the docket shows that Defendant has never sought relief under § 2255. At this point, any § 2255 motion filed by Defendant would be untimely unless he could show the applicability of one of the exceptions set forth in § 2255(2-4).

IT IS ORDERED that:

(1) Defendant's Motion to Dismiss the Conviction and Sentence Based on Various Constitutional Grounds (D-147) is DISMISSED for lack of jurisdiction.

(2)   Defendant's Motion to Proceed In Forma Pauperis (D-148) is DENIED as unnecessary.

DONE AND ORDERED at Tampa, Florida this 29th day of March, 2013.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE